THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD TERRY GILLMAN,

               Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

               Defendant.

No. C10-1535Z

ORDER

THIS MATTER comes before the Court on Plaintiff's motion for attorney's fees and costs (docket no. 23). Having reviewed all papers filed in support of and in opposition to the motion, the Court now enters the following Order.

**<u>Background</u>**

On February 25, 2008, Plaintiff Ronald Gillman applied for Title II (disability insurance) and Title XVI (supplemental security income) Social Security benefits.

Ex. 1D & 2D, AR 129-39 (docket no. 12-5 at 2-12). On December 21, 2008, an Administrative Law Judge ("ALJ") denied Plaintiff's application. ALJ Hearing Decision ("Decision") at 11, AR 19 (docket no. 12-2 at 20). Utilizing the five-step disability evaluation process,[1] the ALJ concluded: (1) at step three, Plaintiff possessed a residual functional capacity ("RFC") for a full range of "light work"; and (2) at step five, Plaintiff was capable of performing light and sedentary jobs in the national economy and therefore was not disabled. Id. at 13, 18.

On March 3, 2011, Magistrate Judge Tsuchida recommended that this Court affirm the ALJ's decision. Report & Recommendation ("R&R") at 1 (docket no. 18). Judge Tsuchida identified two errors in the ALJ's decision: (1) the ALJ incorrectly rejected the opinion of a treating physician, Dr. Boone, that Plaintiff was only capable of sedentary work, id. at 3; and (2) some of the reasons the ALJ relied on to discount Plaintiff's credibility were invalid, id. at 9. Nonetheless, Judge Tsuchida concluded that each error was harmless. Id. at 3, 9.

The Court adopted the R&R's conclusion that the ALJ improperly disregarded Dr. Boone's opinion; however, the Court rejected the R&R's conclusion that the ALJ's error was harmless. Order of July 1, 2011 ("Order") at 4 (docket no. 21). The Court also concluded that the ALJ's hypothetical to the vocational expert—upon which the ALJ relied at step five in concluding Plaintiff could adjust to other work—did not conform to Dr. Boone's assessment of Plaintiff's RFC. Id. Further, the Court found

---

[1] See 20 C.F.R. § 404.1520.

the ALJ's reasons for discounting the Plaintiff's credibility were not "clear and convincing" and lacked support in case law. Id. at 5-7. The Court remanded to the ALJ for further proceedings, including a reassessment of Plaintiff's credibility. Id. at 8.

As the prevailing party in the appeal, Plaintiff now moves for attorney's fees, expenses, and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 (docket no. 23). The Commissioner opposes the motion (docket no. 24).

**Discussion**

**A. Standard of Review**

The Equal Access to Justice Act ("EAJA") provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, to be eligible for attorney's fees under EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney's fees unjust. Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990). The Commissioner does not contest that Plaintiff was the prevailing party in this action,

nor does he contend that special circumstances exist, making an award of attorney's fees unjust. The Commissioner does, however, argue that his position was substantially justified.

**B.     "Substantially Justified"**

To be "substantially justified" under EAJA, the government's position "must have a reasonable basis in law and fact" at each stage of the proceedings. Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998). The government's position need not be "justified to a high degree," but the government must be "justified in substance or in the main," or "to a degree that could satisfy a reasonable person." Id. (citations omitted). Ultimately, the government carries the burden of proving that its litigation position was substantially justified. E.g., Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

The requirement of substantial justification extends to the government's defense of procedural errors committed by the ALJ. Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008). Procedural errors include, *inter alia*, (1) improperly rejecting testimony from a medical expert; (2) discrediting a claimant's subjective complaints or credibility without "clear and convincing reasons"; and (3) incorrectly assessing a claimant's RFC. See id. at 1069-70. When the ALJ is reversed on procedural grounds, the Court's decision to award EAJA fees rests on "whether the government's decision to defend on appeal [the ALJ's] procedural errors . . . was substantially justified." Id. at 1071. The Ninth Circuit has expressed doubt that "the government's

decision to defend its actions in court would be substantially justified [when] the underlying administrative decision would not [be substantially justified]." Flores v. Shalala, 49 F.3d 562, 570 n.11 (9th Cir. 1995). Thus, when the ALJ's decision lacks proper evidentiary support, courts routinely award EAJA fees. See Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991) (collecting cases from other circuits), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001).

To avoid an EAJA award, the government must show that it was substantially justified "with respect to the issue on which the district court based its remand[.]" Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). Courts do not uniformly agree whether EAJA fees are appropriate if the government was substantially justified with respect to some (but not all) of the issues raised in the appeal. See Corona v. Barnhart, 431 F. Supp. 2d 506, 512-14 (E.D. Pa. 2006) (discussing how different circuits have resolved the question of EAJA fees when the government was only partially justified in its positions). Many courts, however, have concluded that attorney's fees should be awarded under EAJA if the government lacked substantial justification on at least one issue and the issue results in a remand. See, e.g., Swager v. Astrue, No. 09-CV-05050-SW-DGK, 2011 WL 2634229, at *2 (W.D. Mo. July 5, 2011) (rejecting "the suggestion that counsel should be compensated only for a single argument that succeeds in winning remand," as opposed to full compensation as the prevailing party (citations omitted)); McKinnon v. Bowen, 664 F. Supp. 195, 198 (E.D. Pa. 1986) (holding that although government was substantially justified on one

of three issues raised on appeal, plaintiff was entitled to EAJA award). See also Flores, 49 F.3d at 566 n.5 (observing, without deciding, that a plaintiff might be entitled to EAJA fees if the government *was* substantially justified on a remanded issue but *was not* substantially justified on a second issue left unaddressed by the court); Lopez v. Astrue, No. C07-2649-PJH, 2009 WL 1371408, at *3 (N.D. Cal. May 15, 2009) (observing that the plaintiff was "correct that she need not prevail on every issue in order to receive fees under the EAJA," but finding the Commissioner substantially justified on the remanded issue).

The Commissioner contends that he was substantially justified with respect to both of the ALJ's procedural errors identified by this Court: (1) the ALJ's unjustified rejection of the opinions of Plaintiff's treating physician, Dr. Boone, and (2) the inadequacy of the ALJ's reasons for finding Plaintiff not credible. Therefore, each of these errors—and whether the Commissioner was substantially justified in defending those errors—is discussed in turn below.

### 1. Dr. Boone's Opinion

The ALJ gave "little weight" to Dr. Boone's opinion that Plaintiff was limited to sedentary work. Decision at 9, AR 17. The ALJ concluded that Dr. Boone's opinion—that Plaintiff was unable to lift or carry over 25 pounds and unable to sit for extended periods of time—was consistent with an RFC for light work. Id. As a result, the ALJ determined that "Dr. Boone's opinion that the claimant is limited to sedentary work is inconsistent with his own findings," and was therefore not credible. Id.

Dr. Boone was Plaintiff's treating physician. Ex 11F at 95, AR 432 (docket no. 12-9 at 96). A treating physician's opinion is generally given greater weight than the opinions of examining or consulting (non-examining) physicians. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996). When a treating physician's opinion is not directly contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Id. (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)). Even when the treating physician's opinion is contradicted, the ALJ may not reject that opinion without providing "specific and legitimate reasons," supported by substantial evidence in the record. Id. (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ's reason for rejecting Dr. Boone's opinion was not supported by the record. As Magistrate Judge Tsuchida observed, Dr. Boone's conclusion that Plaintiff could lift *no more than* 25 pounds "does not establish the capacity to perform light work," because an RFC for light work requires a person to "occasionally lift or carry 20 pounds [for] up to 1/3 of a workday." R&R at 3 (citations omitted). Dr. Boone's opinion that Plaintiff had a sedentary RFC was not inconsistent with his finding regarding the maximum weight Plaintiff was capable of lifting. The ALJ improperly rejected Dr. Boone's opinion on the basis of an inconsistency that did not exist.

Furthermore, as this Court previously observed, the ALJ's error was not harmless. Order at 4. Although the ALJ posed a hypothetical to the vocational expert to assess Plaintiff's employment potential with a sedentary RFC, "[h]ypothetical

questions posed to a vocational expert must set out *all* the limitations and restrictions of the particular claimant, including pain and an inability to engage in certain activities." Russell, 930 F.2d at 1445. If the hypothetical's assumptions are not supported by existing evidence, the hypothetical has no evidentiary value. Id.; see Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). Particularly relevant in this case, the hypothetical lacks evidentiary value if it omits significant limitations on the claimant's ability to sit for prolonged periods. See Russell, 930 F.2d at 1445.

The ALJ's hypothetical to the vocational expert was not supported by existing evidence because it did not track Dr. Boone's opinion of Plaintiff's RFC. The hypothetical did not account for Dr. Boone's observations that Plaintiff was "[u]nable to sit for extended times," and "[p]ain inhibit[ed his] ability to sit and to concentrate."[2] Ex. 11F at 94-95, AR 431-32. Additionally, the hypothetical asked the vocational expert to assume a "sedentary RFC," with an added limitation that Plaintiff "could sit for two hours at a time and then needed to stretch[.]" Tr. of 11/20/2009 Hearing at 30, AR 69 (docket no. 12-2 at 70). Dr. Boone's assessment of a sedentary RFC, however, was based on the definition of "sedentary work" supplied by the Washington State Department of Social & Health Services ("DSHS"). See Ex. 11F at 94, AR 431. DSHS's definition of "sedentary work" is markedly dissimilar from the

---

[2] Further, although the ALJ concluded that Plaintiff possessed a sedentary RFC, "the [Social Security] Commissioner has expressly stated that a person who is unable to sit for prolonged periods of time is incapable of engaging in the full range of sedentary work." Auckland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Social Security Ruling (SSR) 83-12).

Commissioner's definition.[3] Because the ALJ's hypothetical relied on the Commissioner's definition of a sedentary RFC, see Tr. of 11/20/2009 Hearing at 27-31, AR 66-70, the hypothetical did not track to Dr. Boone's assessment of a sedentary RFC as defined by DSHS. The hypothetical therefore had no evidentiary value. See Russell, 930 F.2d at 1445.

The ALJ relied on the vocational expert's response to the hypothetical at step five to conclude that claimant was capable of working in the national economy. Decision at 10, AR 18. That reliance was not based on substantial evidence.[4] In light of this error, the Commissioner has failed to satisfy the burden of demonstrating that his position on this issue was substantially justified. See Russell, 930 F.2d at 1445.

### 2. Plaintiff's Credibility

The ALJ concluded that the Plaintiff's statements regarding his pain and physical limitations were not credible "to the extent they are inconsistent with [an RFC for light work]." Decision at 6, AR 14. The ALJ gave several reasons for discounting

---

[3] DSHS defines "sedentary work" as "the ability to lift 10 pounds maximum and frequently lift and/or carry such articles as files and small tools. A sedentary job may require sitting, walking and standing *for brief periods*." Ex. 11F at 94, AR 431 (emphasis added). On the other hand, the Commissioner's definition of sedentary work includes the capability to sit for six hours during an eight-hour work day. SSR 83-10, at 5.

[4] The Commissioner's argument that he was substantially justified in opposing this action rests on Burch v. Barnhart, 400 F.3d 676 (9th Cir. 2005). Burch stands for the unremarkable proposition that, when evidence is subject to more than one rational interpretation, the court must uphold the ALJ's interpretation. Id. at 680-81. This Court, however, previously determined that the ALJ's conclusions were not based on substantial evidence. Order at 7-8 (docket no. 21). Burch is thus inapplicable.

Plaintiff's testimony: (1) the medical evidence did not support the severity of Plaintiff's subjective complaints; (2) Plaintiff's daily living activities were not as limited as would be expected based on the severity of his complaints; (3) Plaintiff engaged in drug-seeking behavior and tested negative for his prescribed medications on several occasions, suggesting he was diverting or selling his medication; and (4) Plaintiff pursued only conservative methods of care and failed to undergo back surgery. Id. at 6-8. Magistrate Judge Tsuchida concluded that the ALJ erred in relying on daily living activities and a conservative treatment plan to discount Plaintiff's credibility, but Judge Tsuchida deemed those errors harmless in light of other credibility issues identified by the ALJ. R&R at 9. This Court, on the other hand, concluded that the ALJ erred with regard to each of the above reasons, and it remanded to the ALJ to reassess Plaintiff's credibility. Order at 4-8.

"Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." Lester, 81 F.3d at 834. Absent affirmative evidence of malingering, the ALJ may only reject the claimant's testimony for "clear and convincing" reasons. Id. (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

The ALJ improperly reasoned that Plaintiff lacked credibility because medical evidence contradicted his subjective complaints. As discussed previously, the ALJ incorrectly discredited the opinion of Plaintiff's treating physician, Dr. Boone.

Further, the ALJ expressly found that Plaintiff proved an underlying medical impairment. Decision at 3-4, AR 11-12. The ALJ then incorrectly elevated the opinion of an examining physician, Dr. Goodman, over the opinion of a treating physician, Dr. Boone, and over the Plaintiff's subjective testimony regarding his own symptoms. The Commissioner's defense of this error was not substantially justified in light of binding authority within this circuit. See Lester, 81 F.3d at 830-31, 834 (establishing the proper basis for rejecting a treating physician's opinion and a claimant's subjective complaints).

The Commissioner also lacked substantial justification in defending the ALJ's conclusion that Plaintiff's daily living activities undermined the credibility of his testimony regarding his symptoms. The mere fact that a plaintiff performs certain daily activities is not grounds to discount a plaintiff's credibility. Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001). An adverse credibility finding is only warranted "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). As the R&R correctly observed, the daily activities relied upon by the ALJ do not involve physical functions that are transferrable to a work setting. R&R at 8-9. Furthermore, the ALJ incorrectly relied on Plaintiff's one-time drive to California to undermine Plaintiff's credibility.[5]

---

[5] As the Court has previously observed, the ALJ misstated plaintiff's testimony about the duration of the drive to California. Order at 7. The ALJ also failed to inquire into the length and nature of driving conditions and breaks that might distinguish such a

In light of factual misstatements and improper consideration of Plaintiff's daily activities as grounds to support an adverse credibility finding, the Commissioner's position lacked "a reasonable basis in [both] law and fact." Corbin, 149 F.3d at 1052.

The Commissioner was, however, substantially justified in defending the ALJ's third reason for discounting Plaintiff's credibility, namely evidence of drug seeking behavior. Plaintiff's various physicians documented several instances of Plaintiff manipulating medical professionals to obtain narcotics. Decision at 7-8, AR 15-16. Plaintiff also tested negative on several occasions for prescribed medications, suggesting that he may have diverted or sold those medications. Id. The ALJ concluded from this evidence that Plaintiff's complaints of pain were not credible. Although this Court rejected the ALJ's reasoning, the Court declined to rule on the broader issue of whether "[P]laintiff's drug-seeking behavior demonstrated a tendency to engage in deception that might reflect negatively on [P]laintiff's overall veracity[.]" Order at 7. Instead, the Court remanded to the ALJ for the opportunity "to re-examine plaintiff and to re-evaluate his credibility[.]" Id. at 8. The Court, however, did not base its remand on plainly-established authority; instead, the Court distinguished Edlund v. Massanari, 253 F.3d 1152 (9th Cir. 2001), and concluded that reliance on that case was not warranted under these circumstances. The Commissioner's argument on this point was substantially justified.

---

trip from a work situation (including comfortable, heated seats and recovery time upon the trip's conclusion). Id. at 8

ORDER - 12

The ALJ's final reason for finding Plaintiff's testimony not credible—Plaintiff's decision to pursue a conservative course of treatment—contravened plain case law. See R&R at 8. Plaintiff testified that a consulting surgeon told him surgery would do more harm than good. Tr. of 11/20/2009 Hearing at 14, AR 53. Conservative treatment is not a proper basis for rejecting the claimant's credibility when the claimant has a good reason for not seeking more aggressive treatment. Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007). The Commissioner's defense of the ALJ's conclusion on this point contravened existing case law and was not substantially justified.

Although the Commissioner was substantially justified in defending one of the ALJ's four reasons for discounting Plaintiff's credibility, he was not substantially justified with respect to the other three reasons. The Commissioner also lacked substantial justification in defending the ALJ's erroneous evaluation of Dr. Boone's medical evidence, the ALJ's improper RFC assessment, and the ALJ's inaccurate hypothetical to the vocational examiner. Plaintiff is not required to "prevail on every issue in order to receive fees under the EAJA." Lopez, 2009 WL 1371408, at *3. On balance, the ALJ's decision to deny Plaintiff benefits and the Commissioner's defense of that decision in this appeal were not substantially justified.

**C.  Attorney's Fees & Costs**

Plaintiff seeks attorney's fees in the amount of $9,186.33 and expenses in the amount of $15.63, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Plaintiff also seeks costs in the amount of $38.00, pursuant to 28 U.S.C. § 1920. The requested award amount is based on Plaintiff's attorney fee rate of $175.06 per hour for 9.1 hours worked in 2010, and $179.51 per hour for 42.3 hours worked in 2011 (docket no. 23 & 25).[6] Plaintiff's request is supported by counsel's itemized billing statement (docket no. 25-2).[7]

The Commissioner does not contest the reasonableness of Plaintiff's requested fee award. Further, the Court finds the award to be reasonable based on the complexity of the administrative record, the nature of the issues litigated, and the results obtained by Plaintiff's counsel. The award shall, however, be subject to any offset pursuant to the Treasury Offset Program. See Astrue v. Ratliff, – U.S. –, 130 S. Ct. 2521 (2010).

**Conclusion**

Plaintiff's motion for attorney's fees and costs (docket no. 23) is GRANTED.

If the United States Department of the Treasury determines that Plaintiff owes an outstanding debt pursuant to the Treasury Offset Program, the Commissioner is directed to pay an EAJA fee award in the amount of $9,186.32, expenses in the amount of $15.63, and costs in the amount of $38.00, for a total of $9239.95, subject

---

[6] The amount of attorney's fees, based on the supplied hours and rates, is actually $9,186.32.

[7] The billing statement from Plaintiff's counsel—submitted with the initial motion, and subsequently revised based on the Commissioner's opposition to Plaintiff's fee motion—calculates the total amount of fees, expenses, and costs to be $9,202.34. The correct amount is $9,239.95.

to any such offset. The check shall be made payable to the Plaintiff and shall be delivered to Plaintiff's counsel, Kathleen Holt.

If the United States Department of the Treasury determines that Plaintiff's award is not subject to any offset, the Commissioner shall pay and deliver the above award directly to Plaintiff's counsel, Kathleen Holt, based on Plaintiff's assignment of the award.

IT IS SO ORDERED.

DATED this 3rd day of November, 2011.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge